Filed 11/13/24  P. v. Lassa CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | F086971 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CRF62978) |
| AUSTIN MICHAEL LASSA, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Poochigian, Acting P. J., Detjen, J. and Snauffer, J.

## APPEALABILITY

Appellant Austin Michael Lassa timely appeals from a final judgment imposed following a resentencing hearing.  (Pen. Code,[1] § 1237, subd. (a); cf. *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600–601.)

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of the underlying offenses for which Lassa was convicted are not at issue here, but the full details may be found in our prior opinion.  (*People v. Lassa* (Jan. 30, 2023, F082168) [nonpub. opn.].)

Suffice it to say that from October 2019 to April 2020, seven inhabited residences and one detached residential garage were burglarized in the semi–rural Crystal Falls neighborhood in the Sierra foothills outside the town of Sonora.  A wide variety and substantial amount of property was taken in these burglaries, some of which was later found in Lassa's possession.  Not so coincidentally, as it turned out, Lassa lived with his mother in the middle of the same small neighborhood community during the period in question.  A jury convicted Lassa of seven counts of first–degree residential burglary (§§ 459, 460, subd. (a)); one count of the second degree burglary of a detached garage (§§ 459, 460, subd. (b)); one count of possession of stolen property valued at more than $950 (§ 496, subd. (a)); and one misdemeanor count of possessing burglary tools (§ 466).

The trial court sentenced Lassa to a term of 15 years 4 months:  An upper term of six years on the first of the residential burglaries, plus consecutive 16–month sentences (one–third the middle term) on counts 2, 3, 5, 6, 8, and 9; a consecutive eight months (one–third the middle term) on the second degree garage burglary in count 7; a concurrent three years (the upper term) on the receiving stolen property charge in count 10; and a six–month concurrent sentence on the misdemeanor burglary tools

---

[1] All undesignated statutory references are to the Penal Code.

conviction in count 11. Lassa was also given an additional consecutive eight–month subordinate term based on a probation violation in an unrelated case (Tuolumne County Sup. Ct. no. CRF57275).

Lassa appealed, raising evidentiary and procedural claims, but did not contest the sufficiency of the evidence. On January 30, 2023, this Court affirmed the convictions, but remanded the matter for a full resentencing because the trial court had been unable to consider two of the retroactive legislative changes made to section 1170, subdivision (b) subsequent to Lassa's initial sentencing hearing: (1) the now–presumptive middle–term mandated by subdivision (b)(1); and (2) the presumptive low–term for some defendants when certain enumerated circumstances are found to be a contributing factor in the commission of the offenses as is now set forth in subdivision (b)(6).

On remand, at the August 31, 2023, resentencing hearing, the trial court rejected Lassa's contention that his childhood ADHD/ADD diagnosis and treatments fell within the psychological or childhood trauma provisions of section 1170, subdivision (b)(6). Similarly, the court also found that although Lassa's youthfulness (age 23 at the time of the offenses) *was* a contributing factor under that subdivision, the imposition of lower–term sentences in this instance would be contrary to the interests of justice, basing its conclusion on Lassa's prior convictions, that he was on probation at the time the offenses were committed, and that his performance on probation had been unsatisfactory. Finally, the court also declined Lassa's request to impose the original consecutively imposed subordinate counts concurrently, finding that they were predominantly independent, occurring at different times and separate locations, and that the crimes and objectives were independent of each other.

Following the directions of section 1170, subdivision (b)(1), however, the trial court imposed a middle–term of four years on count one as the principal term, reimposed consecutive sentences on the subordinate counts, and reduced the concurrent sentence on count 10 to the middle–term of two years. No other changes were made to Lassa's

3.

original sentence.  Thus, Lassa was resentenced to a new aggregate term of 13 years and four months, two years less than the original sentence of 15 years and four months:  "So I think that takes care of it … the net result of the resentencing is a two–year reduction." Both counsel agreed.

However, neither counsel requested the trial court to update and recalculate Lassa's presentence custody credits to include the time Lassa had spent in prison between his original December 7, 2020, sentencing hearing and the August 31, 2023, resentencing hearing.  In fact, the court expressed its uncertainty in this regard:

> "I don't have the presentence credits.  Although, I guess we had them at the time of the original sentencing.  *I don't know how that would factor in for today's purposes.*  But as of the time of the original sentencing, [Lassa] had 239 actual and 238 conduct, for a total of 477 at the time of the original sentence." (Italics added.)

This became the court's final order, and the amended abstract of judgment filed on September 8, 2023, awarded Lassa only 477 days of presentencing credits; the same amount calculated in the original abstract of judgment from December 7, 2020.

Lassa timely appealed and, while the appeal was still in the briefing stage, Lassa's appellate counsel realized that the presentence custody credits had not been correctly calculated at the resentencing hearing.

On August 6, 2024, appellate counsel served the trial court, the Tuolumne County Superior Court clerk's office, the Attorney General, and the Tuolumne County District Attorney with his "Penal Code Section 1237.1 Request for Correction of Credits."[2]  In it,

_____

[2] Section 1237.1 provides that: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, *or if the error is not discovered until after sentencing*, the defendant first makes a motion for correction of the record in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the calculation of presentence custody credits upon the defendant's request for correction."  (Italics added.)

4.

counsel averred that Lassa was entitled to an additional 977 days of presentencing credits. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 29 (*Buckhalter*) ["[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence all actual time the defendant has already served, *whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody*." (Italics added.)].) Nothing in the record indicates that the People have ever responded to appellate counsel's request, either in the trial court or here, and we shall construe their silence as a concession.

On October 28, 2024, the Superior Court Clerk certified and filed an amended abstract of judgment which correctly modified Lassa's presentence credits to reflect the additional 997 days of actual time to which he was entitled under *Buckhalter, supra,* for a new total of 1474 days. (See § 1237.1.) The amended abstract has been served on all relevant parties.

### APPELLATE COURT REVIEW

In the meantime, Lassa's appellate counsel filed an opening brief that summarized the pertinent facts, raised no issues, and requested we independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). His opening brief included his declaration that he had advised Lassa he could file his own brief with this court, and we have also invited Lassa to submit additional briefing. To date, Lassa has not done so.

We have reviewed the entire record and additionally find that the October 28, 2024, amended abstract of judgment now correctly states Lassa's presentencing custody credits under *Buckhalter, supra*, and that it has been served on the necessary and appropriate parties. No other issues are even arguably manifest.

Therefore, pursuant to *Wende, supra,* 25 Cal.3d at pp. 441–443, and *People v. Kelly* (2006) 40 Cal.4th 106, 110, and after having reviewed the entire record and providing a full account of the relevant facts and procedural history of this case, we find no evidence of ineffective assistance of counsel, either in the trial court at the

resentencing hearing, or on appeal, or any other arguable error that would result in a disposition more favorable to Lassa.

## DISPOSITION

The judgment is affirmed.